## Crume v. McClure, et al. and James S. Beard.

(Decided October 10, 1911.)

### Appeal from Nelson Circuit Court.

Lands—Sale of—Setting Aside Sale—Death of Purchaser's Wife Not Sufficient Ground to Set Aside Sale.—If the changed condition in the purchaser's family had been brought about by any act or misconduct on the part of the litigant to be benefitted by the confirmation of the sale, the chancellor would be justified in setting the sale aside. Naturally the chancellor would sympathize with the purchaser in the loss of his wife, but this would not justify him in relieving the purchaser of the obligation to take the place under his bid.

JOHN S. KELLEY, KELLEY & CHERRY for appellees.

C. T. ATKINSON for appellant.

OPINION OF THE COURT BY JUDGE LASSING—Reversing.

Appellant, George P. Crume, owned a life estate in a small tract of land in Nelson County, Kentucky. Martha McClure and others were the owners in being of the remainder. Desiring to sell said land and reinvest the proceeds in another State, under the same terms and conditions and subject to the same restrictions and limi-

tations imposed upon it, the said life tenant brought a suit in the Nelson Circuit Court, wherein he sought to have said property sold and the proceeds reinvested as above indicated. The chancellor, upon consideration, was of opinion that, under the authority of Ridley v. Dedman, 134 Ky., 146, such a proceeding was authorized, and he accordingly entered a judgment directing a sale of the land. The defendants, being of opinion that he was without jurisdiction to order a reinvestment of the proceeds of the sale in another State, brought the case to this court on appeal, and in February, 1910, the judgment of the lower court was reversed, upon the ground that the circuit court had no jurisdiction to order a sale of the land. A petition for rehearing was filed by the plaintiff, and, upon consideration, the opinion of February 15, 1910, reversing the case, was withdrawn on December 15, 1910, and another opinion, affirming the judgment of the lower court, was delivered. The judgment in the lower court was not superseded when the appeal was taken, and the Master Commissioner, acting under the directions of the judgment, proceeded to and did sell the land on December 13, 1909. James S. Beard, at such sale, became the purchaser for $3,500, and executed bond therefor as provided in the judgment. This sale was reported to court on February 15, 1910; and on the day following exceptions were filed thereto by the defendants. The grounds relied upon in the exceptions for setting aside the sale were that the judgment upon which it was based had been reversed, and that the court had no authority or jurisdiction to sell the land or direct the proceeds to be reinvested. On the motion or at the suggestion of the plaintiff these exceptions were not then passed upon; and on October 2nd, 1910, the purchaser, Beard, filed exceptions to the report of the sale. On May 19, 1911, over the objection of the plaintiff, appellee, Beard, filed his affidavit in support of his exceptions theretofore filed. On May 25, 1911, the case was submitted for trial on the exceptions to the report of sale, and the court sustained the exceptions, set aside the sale, and directed the bond for the purchase money cancelled. From that judgment the plaintiff prayed and was granted an appeal.

The exceptions filed by the defendants, and the first and fifth exceptions filed by the purchaser, Beard, are based upon the reversal of the judgment of the lower

court, which was set aside. As this opinion was subsequently withdrawn and the judgment affirmed, it becomes unnecessary to consider these exceptions.

Exceptions two, three and four, filed by the purchaser, may properly be considered as presenting two grounds why the sale should be set aside. First, the delay of the court in passing upon the exceptions filed thereto, and second, the misfortune which had befallen the purchaser between the date of his purchase and the date of the trial of the exceptions. The judgment directing the sale was rendered at the October term, 1909, of the Nelson Circuit Court. The property was duly advertised and the sale made on December 13, 1909. It was reported on February 15, 1910. While the defendants filed exceptions to this sale at that term, the purchaser was evidently raising no objection to it, as neither at that time nor at the succeeding term of court did he file exceptions. In fact, it does not appear that he objected to the sale or sought or desired to have it set aside until after he had had the misfortune to lose his wife in the summer of 1910, for he filed no exceptions until the October term, 1910. In said exceptions he stated, among others, that he had lost his wife, that his family was broken up, and that for this reason he should not be required to accept the property even if the judgment should, upon final hearing, be affirmed It appears from the record that, at the time the purchaser, Beard, lost his wife, he was in possession of the property, having been placed there by appellant or his agent with the understanding that, in the event the sale was not confirmed, he should pay a reasonable rent for the property. No objection was made to the sale on any statutory ground, nor is there any complaint that it was not made and carried out in strict conformity with the requirements of the judgment. There is no allegation of fraud on the part of anyone, nor misconduct on the part of the parties, and so, unless the loss by the purchaser of his wife, coupled with the delay on the part of the court in passing upon the exceptions filed to the report of sale, furnishes a sufficient ground to justify the ruling of the chancellor, the judgment must be reversed, with directions to confirm the sale.

Disposing first of the question of the law's delay, it will be noted that, after the sale was made, report thereof was promptly made to the court; that upon the very

day upon which the report of sale was filed in court the judgment upon which it was based was reversed in this court. The attorneys for the defense, having learned of this, on the day following filed exceptions to the report of sale, and sought to have it annulled on the ground that the chancellor was without jurisdiction to order a sale of the property. The plaintiff, acting clearly within his rights, promptly filed in this court a petition for re-hearing, and no doubt requested the chancellor not to pass upon the exceptions to the report of sale until the matter was finally determined in this court. We think that this action on the part of the chancellor was entirely proper. The purchaser at that time was evidently not desiring to have the sale set aside, for he did not join the defendants in their exceptions; nor did he at the succeed-ing term file exceptions or take any steps looking to-wards having the sale set aside. Evidently he was still satisfied with his purchase, and not until the October term, 1910, after he had lost his wife, by reason of which his family was broken up and he no longer desired to live in the country, did he ask to have the sale set aside.

The only delay of which he may properly complain then, is of the time between the date of the filing of his exceptions and that upon which the final judgment was rendered, which was about six months. We are of opin-ion that this was, even if unexplained, not an unreason-able delay. Certainly it could not be regarded as an un-usual delay in the disposition of litigated questions in circuit courts. But under the circumstances of this case we are of opinion that the court properly waited until after the question had been finally passed upon in this court before passing upon the exceptions. Hence no ground of complaint is afforded because of this delay.

The only remaining question is, did the death of the purchaser's wife between the date of his purchase and the confirmation of the sale justify the chancellor in set-ting aside the sale. In his affidavit, filed in support of his exceptions, the purchaser states that by the loss of his wife his family is broken up and it is no longer suit-able or desirable for him to live in the country, and hence he no longer wants the property. We have been unable to find any authority which would justify the chancellor in setting aside a sale upon such ground. While the chancellor may exercise a broad discretion in determin-ing whether or not a sale should be confirmed, this dis-

cretion must be judicially exercised. It may not be either arbitrary or whimsical. It must be exercised with a view of protecting, not only the rights of the purchaser, but the rights of the litigants as well. The plaintiff might with as much propriety state that he had made all of his arrangements to go to another State and make his home there, and that it would be very inconvenient to him to have the sale set aside. These are not the character of questions that enter into the chancellor's consideration in determining whether or not the sale should be set aside. Undoubtedly, if the changed condition in the purchaser's family had been brought about by any act or misconduct on the part of the litigant to be benefited by the confirmation of the sale, the chancellor would be justified in setting it aside. Or, if an unusual or unnecessary delay had been brought about by the conduct of the parties to the litigation, the chancellor would be warranted in taking this into consideration, and if, because of such unusual or unnecessary delay, conditions had changed, either in the property or the relations of the parties, the chancellor might be justified in refusing to confirm the sale. But no such conditions here exist. The appellant in this case was from the beginning doing all that he could to hasten the termination of the litigation and have the sale confirmed. He pressed his suit with vigor and did everything that he could to aid the court in bringing the suit to a speedy termination. Nor is that all. When the case was appealed he had the purchaser placed in possession of the property, and it appears from the record that the purchaser went ahead and to some extent improved the property by repairing the buildings thereon; so that appellant, instead of obstructing the purchaser in any of his rights, was doing all that he could to uphold the sale and to have the purchaser inconvenienced as little as possible by reason of the appeal to this court, for which the appellant was not responsible and could not prevent.

In Vance v. Foster, 72 Ky., 389, and again in Walters v. Blevin's Extrs., 3rd Ky. Law Rep., 386, it was held that the destruction of the buildings upon the property by fire between the date of the purchase and the confirmation of the sale was not such a misfortune as would justify the chancellor in setting aside the sale. In those cases the purchaser suffered a material pecuniary loss, and yet the court said that this fact would not justify the chancellor in setting aside the sale.

In the case at bar there is no showing that the purchaser has suffered any pecuniary loss, but he seeks to be relieved of his purchase merely because of his misfortune and it is not convenient or suitable for him now to live in the country. If the destruction of the property by fire did not furnish a sufficient ground to justify the chancellor in vacating the sale, surely the ground relied upon in this case is not worthy of serious consideration. Naturally, the chancellor would sympathize with the purchaser in the loss of his wife, but this would not justify him in relieving the purchaser of his obligation to take the place under his bid. In doing so the chancellor failed to exercise a sound, judicial discretion, and, for this reason, the judgment is reversed and the cause remanded, with instructions to set aside the order sustaining the exceptions to the report of sale, and enter, in lieu thereof, an order overruling the exceptions and confirming the sale.