## Summers v. Crofts, et al.

(Decided November 21, 1911.)

Appeal from Jefferson Circuit Court (Chancery Branch, First Division).

Sale of Real Estate by Commissioner—Motion to Set Aside—Inadequacy of Price—Defendant Misled by State of Creditor.—While it is well settled that mere inadequacy of price is not sufficient to justify the chancellor in setting aside a sale, where the defendant was mislead by a statement of the creditor, and for that reason failed to make arrangements to protect his property and save himself from great pecuniary loss, the sale was properly set aside.

JAMES S. PIRTLE, JOHN L. WOODBURY for appellant.

JAMES R. DUFFIN, S. M. SAPINSKY for appellees.

OSCAR BADER, Attorney for Kentucky Title Savings Bank and Trust Co.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

On September 23, 1908, Bertha Christ Crofts and her husband, Samuel T. Crofts, executed a mortgage to the Kentucky Title Savings Bank & Trust Co. upon a certain lot of real estate, owned by her, in the city of Louisville, to secure it in the sum of $5,000, which she and her husband had borrowed from said bank. Said real estate lies on the north side of Jefferson street between Fourteenth and Fifteenth streets, and is the same property which Mrs. Crofts inherited from her father, William T. Stokes. Mrs. Crofts defaulted in the payment of her interest, and the bank brought suit in equity to enforce its lien. The case proceeded to judgment and the commissioner was directed to sell the land at the courthouse door to satisfy the plaintiff's debt, interest and costs, which, at the time of the sale, amounted to $5,765.62. Previous to the sale the property had been appraised by the official appraisers for said court at $8,800. On April 1st, the sale was reported to court, and on April eighth

the defendants, Mrs. Crofts and her husband, filed exceptions to the report of the sale and asked that the bid be rejected and the sale set aside. The purchaser resisted this motion and sought to have the report of sale confirmed. Numerous affidavits were filed in support of each motion. The case was submitted on the exceptions and proof by affidavit, and upon consideration the chancellor sustained the motion to set the sale aside. From that ruling the purchaser prosecutes this appeal.

The only exceptions which need be noted are, first, that while the property sold for $6,250, it was in fact worth $10,000; and the owners filed with their exceptions a proposition on the part of one William C. Hoefflin to the effect, that if the property were resold he would give $10,000.00 for it, and his proposition was accompanied by a bond, signed by the National Surety Company, to the effect that it would guarantee his compliance with the proposition in the event the property was resold. Second, unavoidable casualty and misfortune which prevented the defendants from properly attending to the matter of the commissioner's sale on March 22nd, whereby their property was sacrificed to their great damage and pecuniary loss.

It is well settled that the mere fact that property offered at decretal sale does not bring an adequate price is of itself and alone not sufficient to justify the Chancellor in setting the sale aside; but it has frequently been held that other slight grounds, coupled with that of inadequacy of price, will justify such action. The undisputed evidence in the record, made up on the motion to set the sale aside, shows that this property was worth at least $3,000.00 more than it brought at this sale. It is further made to appear that, on a number of occasions between the date of the rendition of the judgment and the date upon which the property was sold, the defendant, Samuel T. Crofts, called upon the officers of the plaintiff bank and discussed with them ways and means of saving his wife's property from sacrifice. They told him that all he had to do was to get some solvent bidder to bid the amount of their debt, interest and cost; meaning by this evidently not in the least to mislead defendants, but simply that when the amount of their debt, interests and costs was bid for the property the bank would be satisfied. Thereafter the defendant, Samuel T. Crofts, sought out Mr. Simon Shapinsky, a man of means, and induced him to attend the sale and bid on this property

for him a sufficient amount to cover the plaintiff's debt, interest and costs. Shapinsky did attend the sale and did bid therefor the amount of $6,010.00, and after he had made said bid Louis Summers bid therefor the sum of $6,250.00. This move was evidently wholly unexpected by defendant, and he thereupon became panicky and failed to request or induce his friend to protect the property further; and it was thereupon sold to Summers. Upon the same day defendant procured a friend of his to call upon Summers with a view of trying to induce him to transfer his bid and make an assignment thereof to the defendants. This Summers declined to do. Simon Shapinsky testifies that he attended the sale at the request of Crofts, whom he had known for a number of years, and bid the $6,010.00 for him, supposing when he did so that the real estate would be knocked down and sold to him, and that he expected to hold same for the use and benefit of Crofts; that when $6,250.00 was bid therefor by Summers, Crofts appeared surprised and became very much excited and seemed unable to advise him as to what he wished done in the premises; that he was ready and would have bid more for the property had defendant Crofts requested him to do so, but that while Crofts was in an agitated and perturbed state of mind the auctioneer sold the property to Summers.

These are the additional facts relied upon to justify the Chancellor, when considered with the inadequacy of the price, in setting this sale aside. The property was being sold at the instance of the bank, not because there was any dispute between the bank and the defendants, but simply because the defendants were unable to meet their interest payment. Defendants had no defense to make to the suit. They employed no counsel, and had none. Having conferred with the officers of the bank, men of business ability in whom they had confidence, and learned from them that it was only necessary to secure a solvent bidder for the property at an amount sufficient to cover the bank's debt, they felt safe when they had complied with this arrangement, which the bank said was all that was necessary. It was all that was necessary to satisfy the bank, but it was not all that was necessary to protect the defendants against loss in the sale of their property; and while the officers of the bank could not be charged with intending to mislead or deceive the defendants in the slightest, still their statement evidently had this effect, for when a higher sum was bid

than that for which the defendants had arranged, the husband, defendant, who was at the sale, became panicky, lost his head, and before he had recovered his mental equilibrium the property had been sold to Summers. Thus the defendants were taken by surprise, and this surprise was brought about by their having been misled by statements honestly made by the plaintiff, at whose instance the property was being sold. A litigant should not be made to suffer pecuniary loss because of any statement made by a party to the litigation by which he is misled to his prejudice. We are clearly of opinion that defendants were misled by the statements of the bank's officers, and by reason thereof failed to make arrangements to protect their property and save themselves from the great pecuniary loss which it is shown by the record they must sustain if this sale be upheld. In view of this evidence we are satisfied that the Chancellor did not err in setting aside the sale and directing a re-sale of the property. His action in so doing is amply supported by the decisions of this Court in Bean v. Haffendorfer Bros., 84 Ky., 685, Spinks, v. Raison, 144 Ky., 539; Owens v. Owens, 21 Rep., 625; Harris v. Gunnell, 10 Rep., 419; Dale v. Shirley, 44 Ky., 492. And this conclusion, on the facts stated, is in no wise in conflict with the opinions of this Court in Stumps v. Martin, 72 Ky., 285; Bean v. Haffendorfer Bros., 84 Ky., 685; Spencer v. Commonwealth, 140 Ky., 272, and Crume v. McClure, et al., 144 Ky., 723.

Judgment affirmed.