ERNEST FRAZER,

*vs.*

CONSOLIDATED NOVELTY COMPANY, INC., a corporation created by and existing under the laws of the State of Delaware.

In the Matter of Rule Against Warner H. McNeal.

*New Castle, Feb. 1, 1929.*

*William H. Foulk*, for petitioner.

*Charles B. Evans* and *David J. Reinhardt*, both for respondent.

THE CHANCELLOR: Whatever the practice may have formerly been with respect to the necessity of confirmation of sale before the purchaser could be held liable for damages incident to a re-sale which his default rendered necessary, the case of *Camden v. Mayhew*, 129 *U. S.* 73, 9 *S. Ct.* 246, 32 *L. Ed.* 608, is a clear authority for the proposition that, under facts such as we have here, confirmation of the sale by the court is not a pre-requisite to the defaulting purchaser's liability. In that case, however, it is to be noted that one fact existed which is absent here. I refer

to the fact that the bidder upon whom liability was sought to be fixed, was duly notified of the proceeding against him, was before the court and had ample opportunity to show cause against the imposition of damages.

It appears to me to be essential in all cases that the persons to be charged with liability for any deficiency should have an opportunity to be heard at a stage of the proceedings in advance of the entering of the order of re-sale. He may desire to contest the fact that he was the bidder, or to show that, being the bidder, he bid under circumstances that would excuse him, or he may, in order to save the risk of loss, care to take the property at the price bid therefor, or to attend the second sale for the purpose of placing protective bids thereat. Surely he ought to have some notice that he is being held to the sale and its consequences of damages, prior to the entering of the order which will determine the fact of his liability. 16 *R. C. L.* 124; note to *Mount v. Brown* (*Miss.*) 69 *Am. Dec.* 372, where cases may be found. Unless he has such notice, might he not be entitled to assume that the other party to the contract, the court's officer, has joined with him in considering the sale off? The form of the notice is not essential. A rule to show cause would, however, seem to be best fitted for the purpose.

The case of *Griel v. Randolph*, 108 *Ala.* 601, 18 *So.* 609, seems to be an authority opposed to the views just expressed, for in that case though it appears that the bidder was not served with notice of the proceedings by which a re-sale at his risk and expense was ordered, yet the court held him responsible for the deficiency. In that case the court took the view that the bidder was in contemplation of law before the court and, notwithstanding the lack of actual notice, notice as a matter of law of all its proceedings was attributable to him. Conceding such view to be correct, which in light of the authorities is hardly permissible, yet this is to be noted as distinguishing that case from this one, viz., that in the order of re-sale itself in the Alabama case the direction was entered that the re-sale should be at the risk and expense of the first bidder. Thus, assuming notice of the proceedings to be attributable in law to the bidder, he had notice in advance of the sale of his liability and therefore an opportunity

to appear at the sale and protect himself. But in this case the order of re-sale contained no provision directing that it should be at McNeal's risk and expense. The order of re-sale was framed in line with the receiver's request and so far as it disclosed McNeal, if he had notice of it attributed to him purely as a matter of law, was not warned of his own possible liability. He was entitled, therefore, to assume that the first sale was treated as a nullity and that he was relieved from all responsibility in connection with it. In this respect, therefore, the Alabama case is very materially distinguishable from the instant one. This case, in the particular just referred to, is similar in principle to the case of *Cowper v. Weaver*, 119 *Ky.* 401, 84 *S. W.* 323, 69 *L. R. A.* 33, where it was held that the first sale being treated as a nullity by the order of re-sale, the bidder at the first sale was relieved from all liability.

Rule discharged, costs on the petitioner.