Ernest Frazer,

*vs.*

Consolidated Novelty Company, Inc., a corporation created
by and existing under the laws of the State of Delaware.

*New Castle, August* 1, 1929.

*William H. Foulk*, for exceptant.

*Charles F. Curley*, for receiver.

The Chancellor. The question which the exceptions
present is whether or not an allowance may be made to the
receiver for the services of himself and his counsel which, if paid,
must come out of the proceeds of sale of personal property of
the insolvent upon which the exceptant had a lien by way of
levy before the bill for a receiver was filed.

The general proposition that a receiver's allowances are
not entitled to outrank the priority of an existing lien obtained
before the receivership proceedings were instituted, is insisted
on by the exceptant. *Ferris v. Chic-Mint Gum Co.*, 14 *Del. Ch.*
232, 124 *A.* 577, *Walter v. Peninsula Cut Stone Co.*, 9 *Del. Ch.*
374, 82 *A.* 961, and *Central Trust & Savings Co. v. Chester County
Electric Co.*, 9 *Del. Ch.* 247, 80 *A.* 801, are cited in this connection.
That proposition however is not applicable here because the
excepting lienor appears through its solicitor to have consented
to the appointment of the receiver and therefore to a liquidation

of the insolvent's affairs through the receivership's instrumentality.

It is contended, however, that even if this be so, the receiver's petition for allowances should be denied for the reason that he was negligent in the performance of his duties. The facts on which this charge of negligence is based may be found reported in 16 *Del. Ch.* 248, 145 *A.* 113. I regret very much to have to say that the charge in my judgment is sustained. The real fault of the receiver consisted in the fact that he placed too much confidence in his near neighbor whom he knew well and who, he believed, would faithfully carry out the obligation of his bid. This confidence was misplaced. His friend and neighbor repudiated the bid and as a consequence the receivership estate suffered a loss. The receiver's fault arose from his practice of the virtue of faith and confidence in a neighbor and friend. That circumstance, however, does not relieve his act from the legal imputation of negligence. If he chose to take the risk of relying on his neighbor's fidelity to his bid rather than to adhere strictly to terms of the court's order of sale, and loss in excess of that which he asks in the way of allowances was caused thereby, I can see no escape from the conclusion that the allowances should be denied.

Order accordingly.