## Blakeley's Admx, et al. v. Hughes, et al.

(Decided October 7, 1910.)

### Appeal from Warren Circuit Court.

1. Judicial Sales—Act of Court—Bid—Acceptance—Withdrawal.—In a judicial sale of land by the court's commissioner, it is the court that makes the sale, and whether the bid will be accepted so as to become binding upon the parties is for the court to decide. After such bid is made and accepted by the court, the bidder is not, alone, at liberty to withdraw his offer, nor could the commissioner allow him to do so.

2. Same—Enforcement of Bid—Waiver of Specific Performance—Loss by Resale.—In a judicial sale the liability attaches to the bidder to comply with the terms of the sale if the court confirms it. This he may be compelled to do by rule or by process of contempt. Or the right to coerce his compliance may be waived by the parties and the court, and the bidder be required in lieu of specific performance to pay the difference should there be any loss between his bid and the sum realized on a resale of the property.

JOHN M. GALLOWAY for appellant.

SIMS & RODES for appellee.

OPINION OF THE COURT BY JUDGE O'REAR—Reversing.

In a suit to settle the estate of an insolvent decedent, a decree was entered to sell the land which he owned at his death. The body of land contained forty-one and one-half acres, situated near the city of Bowling Green. The commissioner was directed by the judgment to have

the land surveyed and platted into parcels, and to expose it for sale in lots and as an entirety, accepting the bid producing the best price. He was directed to advertise and sell at public auction to the highest and best bidder.

The commissioner caused the land to be surveyed and advertised as directed. At the sale, when sold as a whole it brought more than when sold in lots. The highest bid was that of Percy Blakeley, at $5,600.00. Blakeley was unable to give bond for the purchase money as required by the judgment of the court. Thereupon the commissioner re-advertised the land for sale at the next term of the county court, when it was again offered in lots and as an entirety. At the last sale the property as a whole commanded a higher price than it did in lots. Appellees, M. O. Hughes, H. K. Taylor, and Paul Gerard, were the highest bidders, acting together. Their bid was $4,150.00. It was accepted by the commissioner, and they executed bonds as required by the judgment, which bonds were approved by the commissioner, who reported both sales to the court.

The resale by the commissioner was without an order of the court to resell, and before the first sale had been reported to or acted on by the court.

The administratrix of the decedent's estate filed exceptions to the last sale, urging several grounds against its validity. But as we have concluded that the ground disposed of in this opinion is well taken, the others are not passed upon.

The second ground of exception is, that the commissioner was without authority until an order of the court directing a resale.

The commissioner in executing a judgment of sale is the court's agent for the purpose of advertising and selling. He has necessarily a discretion in many matters connected with the sale, wherein the judgment does not specifically direct the course he should pursue. For example, it has been held that he has a reasonable discretion in allowing time to the accepted bidder within which to comply with the terms of the sale, and if they be not complied with, to then and there disregard the bid of such bidder and cry the sale again. But the accepted bidder acquires certain rights, and there attaches to him certain liabilities upon the acceptance of his bid, which the commissioner is not at liberty to disregard or release. In every instance it is the court that makes the sale. The commissioner's action is the vehicle through which

the court offers the property to bidders, and by which the best bid is brought to the court. Whether the bid will be accepted so as to become a binding transaction upon the parties, the litigants acting through the court as vendor, and the highest and best bidder as purchaser, is for the court to decide. There may attach at intervals in the course of the proceedings, legal rights and liabilities which the court alone must determine. The parties to the action, in whose behalf the sale is being made, are entitled, as a legal right, to have the highest and best bid at the sale reported to them, that is, to the court, for action upon it. After such bid is made, and the bid accepted by the commissioner as the highest and best bid, the bidder is not at liberty to alone withdraw his offer, nor could the commissioner allow him to do so. The liability attaches to the bidder, if the court upon a report of the sale's being made, confirm it, to comply with the terms of the sale. This he may be compelled to do by rule, and by process of contempt. Or, the right to coerce his compliance may be waived by the parties and the court, and he be required in lieu of specific performance, to pay the difference, should there be any loss, between his bid and the sum realized on a resale of the property.

A correlative right of his in that event is to receive the difference, if there should be a gain in price on a resale. Or, the parties may elect to waive both specific performance by the bidder, and their claim of damages for his breach of undertaking, and have the property resold at their own hazard, that is, they may take the chance of getting more on a resale, and take it all, but if they should receive less they alone must bear the loss. In every stage of the proceedings the primary purpose is to execute a sale for and on behalf of the parties to the suit at the best price obtainable. On the other hand, the highest and best bidder is entitled, if the sale has been conducted in the manner directed by law and the judgment of sale, to have the sale reported and confirmed, so that by his compliance with the subsequent conditions he may obtain the title and other rights resulting from such sale.

When Percy Blakeley's bid of $5,600.00 was accepted by the commissioner as the highest and best bid at the sale which had been duly advertised, there was imposed upon him the obligation to execute a bond as required by the judgment, and to further comply by paying at the times specified in the judgment of sale, the amount which

he had offered. There also attached then the right to the parties to the suit, in this case to the administratrix, heirs at law and creditors of decedent, the right to have the purchaser comply with his bid. Neither the commissioner nor the court could ignore this right of the parties, save by their consent. The proper practice to have preserved the rights of all the parties, was for the commissioner to have reported his action and the accepted bidder's at the first sale for the information of the parties and the court, and for such approval or disapproval as the court might award. The commissioner should not have assumed, if he did assume, the prerogative of deciding and determining any of the rights of the parties and bidders. Nor did he in fact so decide, nor did his action in re-advertising and re-selling, without the direction of the court, have such effect.

It was the duty of the commissioner to sell the land, if there were to be found bidders for it. It was his duty also to require, so far as he could, a compliance with those terms of the sale required of him by the judgment. If upon advertising and offering the land there had not appeared any bidders, or perchance only one bidder because of some unnatural condition, or any other casualty preventing his offering the land for sale as directed by the judgment, he might have re-advertised it and sold it without further directions from the court. Or, if the highest bidder was known to him to be insolvent, or unable then or in any reasonable time to execute bond for the purchase price, he could have then and there disregarded such bid and re-cried the land. Brashear v. Holliday, 99 S. W. 951. The determination whether the bidder was insolvent and whether the bond tendered by him, as well as the time given within which to comply with the terms by executing an acceptable bond, were all matters within his sound discretion. But if he acted not in good faith, or not in the exercise of a sound judgment, his decision upon even those questions was liable to review and rejection by the court, who might, on exceptions, substitute the bidder whose offer and bond were rejected, or who was denied a reasonable opportunity to execute sufficient bond. Brashear v. Holliday, supra; Hughes v. Swope, 88 Ky. 258; Wilson v. Thorn, 18 Ky. Law Rep., 945; Carter v. Carter, 19 Ky. Law Rep., 1963; Passmore v. Moore, Trustee, 15 Ky. Law Rep. 107; Reamer v. Judah, 13 Bush, 202. If upon

such determination by the commissioner that the previous highest bidder had not in a reasonable time offered sufficient surety, he might then and there resell, subject to the power of the court to review his action and substitute the first highest bidder as purchaser as is authorized by the foregoing cases, it is not perceived why the commissioner might not at any subsequent date, readvertise and resell, subject to the same power of review by the court. In each instance the action of the commissioner is precisely the same in effect—it brings to the notice of the court and the parties what has transpired, and subjects it all to their action. It does not undertake to determine, and does not decide anybody's legal right in the premises.

Appellant insists that the commissioner exhausts his power by once advertising and offering the property, and declaring one an accepted bidder; that thereafter it is wholly for the court to say whether there should be a resale. But this contention runs counter to the practice resorted to and approved in the cases cited above. On the other hand appellees insist that the commissioner's discretion in re-advertising and reselling is beyond control so long as he acts in good faith; that the policy of the law being to encourage bidding at judicial sales by upholding them when not irregularly conducted (Stump v. Martin, 9 Bush, 292), the bidders at the last sale acquire the same legal rights with respect to the property, as if that had been its only sale. This view of the subject would make the commissioner trier of the law and facts, and vest him with the jurisdiction to determine not only the rights of the last purchaser, but as well those of the parties to the action, respecting the validity of the first sale, and the liability of the purchaser thereat. Appellee's view takes note of the right of the purchaser alone at judicial sales. Without losing sight of such right, it is also the duty of the courts to bear constantly in mind the rights of the parties to the suit, too. There is a line of decisions which indicates what those rights are in abortive sales. In Tyler v. Guthrie, &c., 17 Ky. Law Rep. 1193, it was held that an accepted highest bidder at a judicial sale is liable to the parties in interest in the suit recoverable by rule in that action, for loss sustained by reason of his failure to comply with the terms of his bid by executing bond. In that case the sale was reported to the court, the court reserving the right to coerce payment of damages; whereupon a rule was is-

sued against the recusant bidder to show cause why he did not comply with the terms of the sale. Upon further consideration of that question, we think the correct practice would have been to have confirmed the first sale. For unless the first sale should be confirmed, the bidder was not finally bound, as until such confirmation he was only a preferred bidder, not a purchaser, and until he became purchaser his liability upon the contract did not attach. Furthermore, as in all other sales, there must be a meeting of the minds of the parties, and the contract must be mutually binding. Neither did the minds of the parties meet until the bid was accepted, that is, confirmed, nor was there mutuality in the contract unless the purchaser became entitled to the benefits of his purchase by having the sale confirmed so as to be binding also upon the vendors, the parties to the action. The court, however, in the last cited case, seems to have accepted the decree reserving the right to enforce the liability of the purchaser for future action, as a substantial confirmation of the sale, the subject of the confirmation not being expressly alluded to. In Makemson v. Brann, 100 Ky. 88, 18 Ky. Law Rep. 584, the first accepted highest bidder failed to execute bond. The commissioner re-advertised and resold. The second sale realized less than the first. The second sale was reported and approved and confirmed without exceptions. A rule was subsequently issued against the successful bidder at the first, to show cause why he should not make up the loss. The court held that he was not liable because the plaintiff, the only party complaining, "had allowed, without objection, the last sale to be confirmed, thus investing the purchaser with a complete title, and making it impossible for appellee (the first purchaser) to obtain the land."

In Cowper v. Weaver, 119 Ky. 401, the highest and accepted bidder, Cowper, refused to execute bond. That fact was reported to the court, who ordered a resale without taking any proceedings against Cowper or confirming the sale. In the judgment directing a resale the court ordered the commissioner to treat the first sale as if it had not been made. The second sale realized less than the first. A rule was awarded against the purchaser at the first sale to show cause why he should not pay the difference. It was held that the action of the court in ordering the first sale to be treated as a nullity and reselling, and confirming the last sale, was a waiver of the right to enforce the first, either by requiring a spe-

cific execution, obviously enough, or by assessing damages because of its breach by the purchaser, a principle equally clear and just. It was there pointed out that it was the court's action, not the commissioner's, that fixed the rights and liabilities of the purchaser and parties. It is deducible from these authorities that upon a sale and an accepted highest bid, upon the bidder's failure to execute bond, that fact being reported to the court, it is within the province of the court, and is the right of the parties, to have the sale confirmed, if there be no legal ground for exception to it; that then a resale may be ordered, in which event not only the interest in the property of the original parties but of the accepted purchaser also, is exposed to resale on the latter's account; that if the second sale results in fetching a less price than the first, the purchaser in the first may be proceeded against by rule at the instance of the parties in interest to make up the loss; but that if the second sale be ordered and made, and be approved by the court, before confirming the first sale, and before giving the purchaser thereat an opportunity upon confirmation to take the property at his bid, the first bidder is thereby released from all liability on his bid. In the instant case the parties, which is to say the administratrix, who represents in interest creditors and heirs at law, excepted to the second sale upon the ground that it deprived her of the right to proceed against the purchaser at the first. True, the record does not disclose that she asked to have the first sale confirmed, but as the second was reported at the same time and was due to be acted on favorably in the absence of exceptions, it should have been taken that her action in this matter was a request of the trial court to at least postpone action in the second until she had an opportunity to have the first confirmed in order to save her rights against that bidder. In view of appellant's exceptions, the court should not have confirmed the second sale until she had acted, and the other parties also, as they might do expressly or tacitly, to waive their right to proceed against the bidder Blakeley. Instead, the circuit court by confirming the second sale put it out of the power of the parties to have the first confirmed. That was error prejudicial to their substantial rights.

Reversed and remanded with directions to set aside the judgment confirming the sale to appellees. If the appellant, or other party in interest move to confirm the first sale, it should be so ordered, unless valid exceptions

shall have been taken to it. But if the first sale is not confirmed, but the right thereto waived by the parties, the second sale—the one to appellees—may yet be confirmed. If, however, the first sale be confirmed, then the land should be resold under proceedings consistent herewith.