## Graves' Committee, et al. v. Lyons.

(Decided October 27, 1915.)

## Appeal from Shelby Circuit Court.

1. Appeal and Error—When Not Granted—Striking Name From Record.—Where an appeal has not been granted to a litigant by the court from the judgment of which the appeal is taken, nor has an appeal been granted to such litigant by the clerk of this court, the motion to dismiss the appeal as to such litigant will be considered a motion to strike the name of such litigant from the record as an appellant.

2. Appeal and Error—Bill of Exceptions.—Where oral evidence is heard in an equity action, and a party desires to have the benefit of it upon appeal, he must do so by a bill of exceptions, prepared in the same manner and within the same time as a bill of exceptions in an action in ordinary. A bill of exceptions must be filed in open court, and an order of the court made showing such fact and making it a part of the record, and a stenographer's bill of the oral evidence heard in an equity case must be filed by an order of court and made a part of the record, before it can be considered on appeal.

3. Appeal and Error.—In the absence of any evidence, the only question to be considered is whether the pleadings support the judgment in the case.

4. Judicial Sales—Bill of Exceptions—When Not Necessary to Controvert Allegations in.—It is not necessary to controvert the allegations made in exceptions to a report of sale, by a written pleading, and the immemorial practice, in equity, has been to put the burden of proving the allegations in exceptions to a report of sale upon the one excepting, without further pleading, and, in the absence of proof to sustain them, unless sustained by the record, they must fail.

BEARD & RIVES for appellants.

BEARD & PICKETT for appellee.

OPINION OF THE COURT BY JUDGE HURT.—Affirming.

This was a suit by S. L. Kerr, committee of W. L. Graves, an imbecile, against W. L. Graves, his wife, Florence Ragsdale Graves, and W. C. Lyons, a creditor of the Graves. The action was instituted for the sale of certain real estate, which was owned by W. L. Graves, to pay his indebtedness. A guardian *ad litem* was appointed to defend the action for W. L. Graves, and he filed a report, in which he alleged that he could make no affirmative defense for him. An order was entered in the case, referring

the cause to the master commissioner of the court, to receive and hear proof of claims against the estate of the imbecile, and to report same. The appellee, W. C. Lyons, filed an answer, which he made a cross-petition against W. L. Graves and Florence Ragsdale Graves, and set up a note for the sum of $2,000.00, which he alleged had been executed to him by W. L. Graves and Florence Ragsdale Graves, and a mortgage to secure the payment of the note, upon the lands sought to be sold, and claimed a prior lien thereon for the amount of his debt, and asked that a sufficiency of the land be sold for that purpose and applied to the payment of his debt. A summons upon the cross-petition was issued and served upon W. L. Graves and Florence Ragsdale Graves. Florence Ragsdale Graves never appeared in the suit, in any way. A reply was filed to the answer and cross-petition by the committee of W. L. Graves. No personal judgment was rendered against W. L. Graves, nor his committee, nor Florence Ragsdale Graves upon the note in favor of Lyons. but the note was filed, as other debts against Graves, with the commissioner and allowed and reported by the commissioner, and the report confirmed, to the extent of $1,950.00, with interest from the execution of the note. A judgment was rendered directing a sale of the land for the satisfaction of the debts, which made a total sum of about $3,500.00, and further, adjudged that Lyons had a prior lien upon the land for the satisfaction of his debt. No exceptions were taken to this judgment by any one. Thereafter, in pursuance of this judgment, the land was sold at decretal sale, when the appellee became the purchaser, at the sum of $2,525.00, and it was so reported. The property was appraised before the sale, at the sum of $2,600.00. The committee of W. L. Graves filed exceptions to the report, which were to the effect that the price at which the land was sold was inadequate and less than its value; the purchaser was a creditor to the sum of $2,200.00, and previous to the sale had induced bidders and prospective bidders for the land not to bid for it, and by his representations had prevented one bidder, who would have bidden $3,000.00 for the land, from bidding at all; and that rumors had been circulated, the authors of whom were unknown, to the effect that the purchaser at the sale would not acquire a good title to the land, and on account of the last two named grounds, it was alleged a fair sale was not had, on account of bid-

ders and prospective bidders being deterred from bidding at the sale. A hearing was had upon the exceptions, which resulted in a judgment overruling the exceptions and confirming the report of sale, and ordering the commissioner to execute and report a deed to the purchaser, and permitting the purchaser to pay the sale bonds before maturity, if he desired. The committee excepted to this judgment and prayed an appeal to this court, which was granted. The appellant, Florence Ragsdale Graves, did not object or except to the rendition of this judgment, or to any order or judgment in the entire case. The proof upon the hearing of the exceptions was given orally, in open court, but the official stenographic reporter of the court was ordered to take notes of the evidence. He was, also, ordered to prepare a transcript of the evidence heard, and to file same as a part of the record of the case. It appears that the judgment appealed from was rendered on the 12th day of February, 1915. There is no order showing that the transcript of the evidence was ever filed in court, or made a part of the record, or examined or approved by the judge of the court. What purports to be a transcript of the evidence, certified by the official stenographic reporter under date of March 12th, 1915, and endorsed as examined and approved by the judge of the court over his signature, is on file with the record.

The appellee has entered a motion in this court to strike the purported transcript of the evidence from the record, upon the ground that it was never filed in court, and there is no order of court showing the examination or approval of it by the court or making it a part of the record, and it was signed by the judge out of term time. A further motion was made to dismiss the appeal of Florence Ragsdale Graves, and both of these motions were ordered to be passed to the merits of the case.

As to the second of the motions, there are but two ways in which an appeal may come to this court from an inferior jurisdiction where the amount in controversy, is, as in this case. The court, from the judgment of which the appeal is taken, may grant the appeal as a matter of right to the one asking it, or the appeal may be granted by the clerk of this court. Florence Ragsdale Graves did not file exceptions to the report of sale, neither did she except to the judgment of the court overruling the exceptions, nor did she pray nor was she granted an appeal from the judgment. She has not secured an appeal

from the clerk of this court. Hence there is no appeal
pending in her behalf. The motion to dismiss her appeal
will be treated as a motion to strike her name from the
record as an appellant, and must be sustained, but this
action does not interfere with any right she may have,
from which she is not precluded by the proceedings,
below.

The motion to strike from the record the bill of evi-
dence must, also, be sustained. Where in a proceeding
in equity, oral testimony is given and heard and a party
desires the benefit of it upon an appeal it must be made a
part of the record by a bill of exceptions, which must be
prepared within the same time and in the same manner
as a bill of exceptions is required to be prepared in
actions in ordinary. Shannon v. Stratton, 144 Ky., 26;
Knecht v. Home Telephone Co., 121 Ky., 492; Dupoyster
v. Fort Jefferson Imp. Co., 121 Ky., 518. A bill of excep-
tions must, always, be made a part of the record, by an
order of the court. The bill must be prepared and pre-
sented to the judge of the court for his approval and
signature, during the term of court at which the judgment
becomes final, unless further time for its preparation is
given by an order of the court. Civil Code, section 337,
sub-section 2. It was never intended that the stenogra-
pher's bill of evidence should supply the place of and
dispense with the necessity of a bill of exceptions filed
by an order of court. The bill of evidence in the case,
at bar, which seems to have been prepared by the official
stenographer, and approved by the judge might be
treated, by agreement, no doubt, as a sufficient bill of
exceptions in this case, but there is no order of court
showing its approval or the filing of it or making it any
part of the record, or whether it was prepared or pre-
sented during the time required by law. A good reason
for the requirement, that a bill of exceptions or bill of
evidence, before becoming a part of the record, must be
approved and signed by the judge and filed by an order of
court, is that parties to a suit are presumed to know and
take cognizance of what is done by orders of the court,
in the conduct of a case, and if the bill is filed and made
a part of the record by an order of court, the parties may
have opportunity to examine it and secure the correction
of any errors in it, and the addition to it of anything
which may have been omitted from it by oversight or
otherwise. If the bill could be made a part of the record

without being filed in open court, and an order made showing that fact, the opposing parties would have no opportunity for its examination previous to its becoming a part of the record. That the stenographer's bill must be made a part of the record by order of the court, was held in McGeever v. Kennedy, 19 R., 845; Southern Railway Co. in Ky. v. Thurman, 25 R., 804, and other cases.

There being no evidence in the record, the only thing to be considered is whether the pleadings and proceedings in the case are sufficient to support the action of the court in rendering the judgment appealed from. McAllister v. Insurance Co., 78 Ky., 531, 80 Ky., 176; Owensboro Ry. Co. v. Barker, 15 R., 175; Martin v. Richardson, 14 R., 847; C. O. & S. W. R. R. Co., Rec'rs v. Smith, 19 R., 1826. The pleadings and other proceedings seem to fully support the judgment. Where exceptions to a judicial sale are heard upon evidence, and the evidence does not accompany the record, the questions raised will not be considered. Creatz v. Knecht, 9 R., 772.

The contention, that in the absence of the evidence heard by the circuit court, the exceptions to the report of sale must be held good, and the judgment overruling the exceptions reversed, because there was no denial of the truth of the allegations made in the exceptions by a written pleading, we do not think is tenable. The rules of practice, in courts of equity, have never required a written traverse or confession and avoidance of the things set up in exceptions to the confirmation of a report of sale. The immemorial practice has been to put upon the one excepting, the burden of the proof of his allegations, without further pleading, and in the absence of proof supporting his contention, the exceptions must be overruled.

The judgment appealed from is, therefore, affirmed.