## Owen County Board of Education v. Kemper, Sheriff.

(Decided January 23, 1923.)

### Appeal from Owen Circuit Court.

1. Schools and School Districts—Collection of School Taxes—Commissions.—The Act of March 22, 1920, Section 4399a-8, Carroll's 1922 Statutes, limits the compensation of the sheriff in the collection of county school taxes to 1% of the amount collected, this to be retained from the funds collected.

2. Schools and School Districts—Collection of School Tax—Commissions—Sheriffs.—Sheriffs in office prior to the 22nd of March, 1920, are not affected by the Act of that date limiting the compensation allowed for collecting school taxes. Such officers will retain one per cent of the amount of school funds collected and will be paid 3 per cent of such amount out of the general expense fund of the county.

J. W. CAMMACK for appellant.

J. C. VALLANDINGHAM and H. W. ALEXANDER for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

Appellee as sheriff made a settlement with the fiscal court of Owen county for the collection of taxes for the year 1921, in which he retained as his commission the sum of $1,020.13, being 4% of the amount of school tax collected by him, and paid the remainder thereof to the board of education. Upon this settlement being filed in the county court the board excepted to this item, but its exceptions were overruled and it appealed to the circuit court with like results, and it is in this court seeking the same relief.

Appellee was elected sheriff in 1917, and entered upon his official duties the first of January following.

At those dates the compensation allowed by law to a collector of taxes was 10% on the first $5,000.00 and 4% of the amount collected in excess of $5,000.00. Kentucky Statutes, sections 4168, 4426a, subsection 9, 1915 edition.

It further appears that his fees and commissions during that year did not reach the constitutional limit of $5,000.00, therefore his compensation could not be changed during his term of office and he was entitled to receive the amount retained by him. Ross v. County Board of Education, 196 Ky. 376; Bright v. Stone, 20 Rep. 817.

Indeed, this is admitted by all the parties. The question to be determined is as to whether this commission should be paid out of the school funds or out of the general revenue for the county.

This court has held that the school tax was a part of the county revenue, and that all commissions for its collection should be paid out of the general expense fund and the entire amount of the school tax turned over to the county board of education.    Hall v. Ballard, 140 Ky. 84; Hill v. Lincoln County Board of Education, 140 Ky. 259; Henry County Board of Education v. Jones, 140 Ky. 544.

But in the act of March 22, 1920, section 4399a-8, Carroll's 1922 Statutes, it is provided:

"It shall be the duty of the sheriff of the county in the same manner and at the same time he collects other state and county revenues, to collect the tax imposed under the provisions of this act and after deducting his commission for same as now allowed by law and provided herein.    Provided, however, the commission allowed the sheriff for collecting said tax shall not exceed one per cent of the total school tax collected.

"For the purpose of determining the sheriff's commission for collecting the tax provided for in this act, the tax so collected, together with the state and county revenues collected by the sheriff, shall be treated as one fund, and the sheriff shall deduct from the taxes collected under the provisions of this act his commission for collecting same, which shall be in proportion to his entire commission on the combined funds referred to herein as the school taxes collected bear to all the taxes collected by him."

In section 4399a-15, *supra,* it is provided:

"All laws and parts of laws in conflict with the provisions of this act are hereby repealed."

The validity of this act was upheld in Ross v. Board of Education, 196 Ky. 366, in which it is said:

"The proviso which limits the commission to one per centum is not contradictory of the provision in the clause

.following it, which prescribes the manner of ascertaining .what the commission shall be, except to the extent that when the commission is ascertained in the manner therein prescribed, it shall not exceed one per cent of the total school tax collected. . . . It is is also plain that the legislature intended to place the entire burden of the cost of collecting the county school tax upon the proceeds of such tax, and thus to impose the burden of paying for its collection upon the persons and property receiving the benefits of the tax, and to relieve the county as a whole from the burden.

"Previous to the enactment of chapter 36, *supra,* the school tax itself did not bear any part of the cost of its collection, but by the terms of such chapter the amount of the commission for its collection was fixed, and if the sheriff receives the full commission allowed by law by deducting the commission from the school tax collected there is no other or further commission to be paid by any one. There is no hint in the act authorizing the imposition and collection of the county school tax that there is any commission to be paid by any one other than that provided in the act."

From this it appears that the only statutory authority to allow the sheriff a commission for collecting school taxes is section 4399a-8, *supra,* which provides for compensation out of the school funds, but limits his compensation to not exceeding 1% of the amount collected. This applies to such officers as entered upon their duties after the passage of the act.

Those officers who entered upon their duties prior to that time should also retain one per cent from such funds, but as the repeal of the former laws fixing their compensation was invalid, as to those who had not reached the constitutional limit of salary, in so far as it changed such compensation, and as it had theretofore devolved upon the county to pay them 4% on the amount of such taxes collected, the county remains bound for the deficit between such sum and the amount thus charged to the school fund.

The sheriff was unquestionably entitled to the amount allowed him, $1,020,13, of which the board of education should have paid $255.03, being one per cent of the school tax collected, and the county have paid $715.10.

It follows that the board of education is entitled to recover the latter sum from the sheriff and he can be reimbursed by the county out of the general expense fund.

While the county was not made a party to this appeal, it appears that it has been represented in both the circuit court and this court by the county attorney, and we deem it not amiss to state fully our conclusions in reference to the whole matter.

Judgment is reversed for proceedings consistent with this opinion.