## Gibson, Ex-Sheriff v. Commonwealth for Use of Bracken County.

(Decided April 28, 1931.)

SILAS JACOBS and M. J. HENNESSEY for appellant.

J. W. CAMMACK, Attorney General, JAMES M. GILBERT, Assistant Attorney General, W. A. BYRON, and M. HARGETT for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Affirming in Part and Reversing in Part.

In a settlement with the sheriff of Bracken county for the year 1929, which was approved by the fiscal court, he was allowed 4 per cent. commission for collecting county school taxes, 1 per cent. of which was deducted from the school fund, and the other 3 per cent. was deducted from the general county fund. This settlement was filed in the county court, and the county attorney, on behalf of the county, excepted thereto on the ground that the sheriff was only entitled to a commission of 1 per

cent. on the $42,452.88. The 3 per cent. allowed, and which was credited to the sheriff from the general fund, amounted to $1,273.58.

The court overruled the exceptions to the settlement and the county attorney appealed to the circuit court. In the circuit court, it was adjudged that the sheriff was only entitled to the 1 per cent. commission on the $42,-452.88, or $424.52, to be deducted from the school fund. But the court further adjudged that the county recover of the sheriff the excess commission of $1,273.58 with interest and costs, and the sheriff is here on appeal from that judgment.

Appellant's counsel urges that under the statutes, the sheriff is entitled to 1 per cent. for collecting school taxes and that to be charged against the school fund, but that he is entitled to the additional 3 per cent. to be paid out of the general fund of the county.

Section 4399a-8, Ky. Statutes, making it the duty of the sheriff to collect tax levied for school purposes, provides that "the commission allowed the sheriff for the collection of such tax shall not exceed one per cent. (1%) of the total school tax collected." The statute makes no provision for any other compensation to be paid the sheriff for this service, and this court has construed it as allowing the sheriff only 1 per cent. for collecting the taxes levied for school purposes. Ross v. County Board of Education, 196 Ky. 366, 244 S. W. 793; Owen County Board of Education v. Kemper, Sheriff, 197 Ky. 407, 247 S. W. 25; Fidelity & Deposit Co. v. Christian County Board of Education, 228 Ky. 362, 15 S. W. (2d) 287.

The section of the statute in question, after referring to the 1 per cent. to which the sheriff is entitled for collecting the school tax, provides:

"For the purpose of determining the sheriff's commission for collecting the tax provided for in this act, the tax so collected, together with the State and county revenue collected by the sheriff, shall be treated as one fund, and the sheriff shall deduct from the taxes collected under the provisions of this act his commissions for collecting same, which shall be in proportion to his entire commission on the combined funds referred to herein, as the school taxes collected bear to all the taxes collected by him."

Reference is made in briefs to this seemingly meaningless and confusing provision, and a discussion thereof will be found in Ross v. County Board of Education, supra; but whatever may be the purpose of that provision, it could not, under the most strained construction, be interpreted as authorizing the payment of more than 1 per cent. to the sheriff for collecting school taxes.

The two provisions read together indicate that the Legislature had in mind instances in which the sheriff might not be entitled to the full 1 per cent. commission on all school taxes collected. But, inasmuch as the 1 per cent. commission provided for in this section was allowed in the settlement and has not been called in question, we simply adopt the construction heretofore given the statute by this court in that particular and refrain from an unnecessary attempt to clarify its ambiguity with reference to the mode of determining the commission to which the sheriff is entitled.

It is further urged by counsel for appellant that the court erred in rendering judgment against him for the excess commission allowed the sheriff for collecting the school taxes, and in this we think they are correct. The exceptions of the county attorney to the settlement only called into question its correctness, and it was the duty of the county court to either sustain the exceptions, or to overrule the exceptions and confirm the settlement.

The appeal was from the judgment of the county court overruling the exceptions. On the appeal, it was for the circuit court to determine whether and to what extent the exceptions should be sustained, or whether the exceptions should be overruled and the sheriff's settlement, as made, confirmed. The purpose of the settlement and of the exceptions thereto was to determine the amount due from the sheriff to the various funds for which he collected taxes, and not for the recovery of a judgment against him. When the amount due is determined, the sheriff may voluntarily make proper accounting, and upon his failure so to do, the amount due may be recovered in a proper proceeding against him and the sureties on his bond.

In so far as the judgment of the lower court holds that the sheriff is entitled to only 1 per cent. of the school taxes collected, amounting to $424.52, to be deducted from the school fund, it is affirmed; but in so far as the county is adjudged to recover of appellant the sum of $1,273.56 excess which was allowed him with interest

from April 1, 1930, it is reversed, and this cause is remanded to the lower court for further proceedings in conformity with this opinion.