# Cassady v. Oldham County et al.

(Decided Jan. 13, 1933.)

LEO T. WOLFORD and BRUCE & BULLITT for appellant.

D. E. WOOLDRIDGE for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellant and plaintiff below, M. O. Cassady, was and is the duly elected, qualified, and acting sheriff of Oldham county. He filed this declaratory judgments action in the circuit court of that county against it, its fiscal court, its county board of education, and the members thereof, for a declaration of his rights concerning the amount of fees to which he is entitled for collecting local school taxes to supplement the state pro rata of public funds for school purposes. The fiscal court and the county board of education contend that, under section 4399a-8 of the 1930 Edition of Carroll's Kentucky Statutes, plaintiff is not entitled to charge exceeding 1 per cent. for the collection of local taxes for school purposes, whereas plaintiff contends that he is entitled to deduct 4 per cent. of such taxes as his fee for collecting them. In making that contention, plaintiff by his counsel necessarily makes the additional one that the section of the statute referred to, as amended by chapter 81, page 279, of the Session Acts of 1926, is unconstitutional and void. The original section 4399a-8 is section 8 of chapter 36, page 148, of the Session Acts of 1920, but its amendment by the 1926 act, supra, conformed the section to the language in which it now appears in the edition of the Kentucky Statutes referred to.

Both the original 1920 act and the 1926 amendatory one enacted and preserved this language in the section: "Provided, however, the commission allowed the sheriff for the collection of such tax (local school tax) shall not exceed one per cent. (1%) of the total school tax col-

lected." Since the enactment of the statute, the amount of the commission of the sheriff for the collection of such local school taxes as limited therein, has been before this court in the cases of Ross v. County Board of Education, 196 Ky. 366, 244 S. W. 793; Owen County Board of Education v. Kemper, Sheriff, 197 Ky. 407, 247 S. W. 25; Fidelity & Deposit Co. v. Christian County Board of Education, 228 Ky. 362, 15 S. W. (2d) 287; and Gibson v. Commonwealth for use of Bracken County, 238 Ky. 540, 38 S. W. (2d) 432, and others. In each of them we upheld the limited commission of only 1 per cent. that the sheriff could charge for the collection of such taxes, and in doing so we at least impliedly held that both the 1920 act and its amendatory one of 1926 were constitutional and valid. But it is strenuously insisted that the question of the invalidity of those statutes presented and relied on herein was not raised, presented, or determined in any of those opinions, and for which reason they should not be given the effect of binding precedents in this case. If the statutes are invalid for any reason, it is conceded, as must be done, that plaintiff would be entitled to the 4 per cent. commission for which his counsel contends; but, on the other hand, if the acts referred to are valid, then the commission should be limited to only 1 per cent. as insisted on by the county authorities of Oldham county, and as determined by us in the cases, supra. The court sustained the validity of both acts, followed our former opinions, supra, and dismissed plaintiff's petition, from which he appeals.

The 1920 act is attacked in this case upon the grounds (a) that it is a revenue raising statute, and (b) that it originated in the Senate branch of the General Assembly, contrary to the provisions of section 47 of our Constitution. It will be observed that neither of the involved acts purport to levy a tax upon the people of the state at large for school or any other purposes. On the contrary, they each delegate authority to, and confer power upon, the various county boards of education and fiscal courts of counties (by pursuing the plan therein outlined) to levy a school tax within prescribed limitations to supplement the state school fund in the county where the plan is adopted. None of the money collected through the operation of the delegated authority, if employed, ever finds its way into the state

treasury, but is used solely for the benefit of the local schools of the county as supplemental to the per capita distribution of school funds out of the state treasury.

The question as to the application of the phrase, "bills for raising revenue," as employed in section 47, supra, of our Constitution, was before this court in the case of Rankin v. City of Henderson, 7 S. W. 174, 9 Ky. Law Rep. 861, and we held that the term "revenue" therein applied "alone to the state or the revenue that goes into or properly belongs to the state treasury." In substantiation thereof it was reasoned that: "In taxing the people of a town or county for a local purpose, the money collected is not to be considered revenue for the state or for state purposes, although the corporation, to the extent of the power conferred, is but the agent of the state to regulate and control, subject to constitutional restriction, those who live within its jurisdiction. An act bringing into existence the local government, with the power to impose a tax for municipal purposes, together with all the machinery necessary to run it, being local in its nature, and in aid of local interests, may originate in either house; and in cases where the object of taxation is purely local, and in aid of local purposes, it is not the legitimate subject of inquiry whether the act conferring the power originated in the one house or the other. * * * Bullitt v. City of Paducah, 3 S. W. 802 (8 Ky. Law Rep. 870); Commonwealth v. Bailey, 81 Ky. 395 (4 Ky. Law Rep. 384); Kniper v. City of Louisville, 7 Bush, 599."

It is insisted in avoidance thereof that school taxes are not municipal taxes; but, on the contrary, that they are state taxes, although locally levied and collected for local purposes only, and for which reason they are not embraced within the doctrine of the Rankin and other cases. In support of that argument we are cited to a number of opinions from this court holding that administrative officers under the public school system are state officers, and it is sought to be deduced therefrom that all public school funds, howsoever levied or collected, are likewise state funds. It is our conclusion, however, that the deduction does not necessarily follow. The school officers, so declared to be state ones, in each and every instance administer, in some form or fashion, the public school system, the expense of which is in part at least defrayed by state funds and to the extent of each year's per capita di-

vision thereof. But it does not necessarily follow that locally produced funds for the same purpose, and to be expended exclusively in the local territory producing them, ipso facto become state school funds.

The question was determined by us to the contrary in the recent case of Talbott, Auditor of Public Accounts, v. Kentucky State Board of Education, 244 Ky. 826, 52 S. W. (2d) 727, 731. It was contended in that case that the equal distribution of the state school fund among the various counties of the commonwealth according to their school population, as is provided in section 186 of our Constitution, embraced and included locally raised school taxes such as are involved in this case; but, in denying that contention, and in holding that the taxes so locally produced were in pursuance to a delegated authority from the Legislature for the benefit of such tax raising districts, we said: "Section 186 of the Constitution deals with and applies exclusively to common school funds heretofore or that hereafter may be levied and collected by the commonwealth in its sovereign capacity and from the state at large. It has no application to public school funds that are levied, collected, and raised by subdivisions of the state for the purpose of supplementing the state school fund for their exclusively local purposes. Although such supplemental local tax may become in a sense a state tax after it has been provided for and collected by the local community, the state has no right to take charge of it and distribute it throughout the state among the common schools. It is a state tax in the sense that the local state institutions are the beneficiaries thereof through the exercise of delegated local power and authority conferred upon such tax-raising districts, and it is in that sense only that such local taxes were declared to be state taxes in the cases of North Vernon Lumber Company v. City of Louisville, 163 Ky. 467, 173 S. W. 1120; Board of Education of Jefferson County v. Board of Education of City of Louisville, 182 Ky. 544, 206 S. W. 869; Moss v. City of Mayfield, 186 Ky. 330, 216 S. W. 842; Whitt v. Wilson, 212 Ky. 281, 278 S. W. 609; Commonwealth ex rel. Baxter v. Burnett, 237 Ky. 473, 35 S. W. (2d) 857; and others of like tenor." Other language found in that opinion emphasizes and confirms the conclusion so stated, and from which it appears that authorizing statutes for raising such locally produced school revenues are not to be

regarded as acts (or bills) for raising state revenue so as to come within the provision of section 47, supra, of the Constitution, and which brings the case within the doctrine of the Rankin and other cases, supra.

If, however, our reasoning up to this point should be doubted, upon the ground that all school taxes are state revenues so as not to bring the statute under consideration within the doctrine of the Rankin Case, then plaintiff occupies no better position, since in the late case of Livingston County v. Dunn, 244 Ky. 460, 51 S. W. (2d) 450, 455, we had before us the validity of the same statute involving the same ground of attack, and in which we denied it and upheld the act. The grounds of attack, our argument thereon, and the conclusion reached is thus stated in that opinion: "It is admitted that the act originated in the Senate. It is contended that the act is revenue raising legislation, and, having originated in the Senate, therefore, it is forbidden by section 47 of the Constitution. A mere reading of the title of the act shows the fallacy of this contention. The Constitution of the United States (article 1, sec. 7, cl. 1) and the Constitutions of many of the states contain a provision similar to section 47 of our Constitution. It is a fixed rule of construction of such a provision that a revenue bill within the meaning thereof must originate in the House of Representatives and not in the Senate, and that such a bill must be a revenue measure in the strictest sense of the word, and not merely incidentally such. To sustain the statement that the act of which section 4399a-8 is a part is not a revenue raising act no more should be required than a reference to the title of the act and to the rule of construction stated in Story on the Constitution, sec. 880; Cooley's Constitutional Limitations (8th Ed.) pp. 267, 268; Lang v. Com., 190 Ky. 29, 226 S. W. 379, and cases there cited; Twin City National Bank v. Nebeker, 167 U. S. 196, 17 S. Ct. 766, 42 L. Ed. 1090." It is therefore clear that the sole argument against the validity of the 1920 act is without merit, and which disposes of both grounds (a) and (b), supra.

It is likewise argued from the premise assumed that, the 1920 act being unconstitutional and void (for the reason above stated), the 1926 one is also void, and in no event would it be applicable to the plaintiff, since he was elected and inducted into office before it became

effective. But, having reached the conclusion that the 1920 act was and is valid and not void, we need not determine any of the questions argued with reference to the 1926 act. However, it might be proper to say that chapter 172, page 808, of the 1926 act, repealed and re-enacted, at least in part, section 8 of the 1920 act, now section 4399a-8, supra, of our Statutes, but by its section 4 the same limitation on the fees of the sheriff for collecting local school taxes was re-enacted and preserved. So that, at the time plaintiff entered upon the duties of the office of sheriff of Oldham county, the limitation of his fees for collecting such taxes as contained in the 1920 act was obligatory upon him, and chapter 172 of the 1926 act, though it repealed at least in part that section of the 1920 act, re-enacted the same limitation which preserved such obligatory force of the 1920 act.

The trial court, as we have seen, so concluded and dismissed plaintiff's petition, and which we think was and is correct. Wherefore the judgment is affirmed.