# Hoskins, County Atty., for Use and Beneft of Leslie County v. Revis, Ex-Sheriff.

(Decided March 10, 1933.)

C. W. HOSKINS and WILL C. HOSKINS for appellant.

J. M. MUNCY for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

At the November election, 1927, G. W. Revis was elected sheriff of Leslie county. It appears that the election was held to fill a vacancy. The county school taxes collected by Revis for the year, 1929, amounted to $23,119 and he retained 1 per cent. of this amount as his commission. The commissioner appointed by the Leslie county court to make a settlement with the sheriff for the year, 1929, allowed him an additional 3 per cent. on the amount of county school taxes collected during that year and this amount so allowed was retained by the sheriff out of the general funds of the county.

The county attorney filed exceptions to so much of the settlement as allowed the sheriff a commission of 3 per cent. of the county school taxes in addition to the 1 per cent. retained by him out of the school fund. Tl e exceptions to the settlement were sustained in the county court but, on appeal to the circuit court, it was adjudged that appellee was entitled to a total commission of 4 per cent. on the amount of county school taxes collected by him and that a commission of 1 per

cent. was payable out of the school fund and 3 per cent. out of the general expense fund of the county. The county has appealed.

This identical question has been before this court on a number of occasions and invariably has been decided adversely to appellee's contention. Section 8 of chapter 36 of the Acts of 1920 made it the duty of the sheriff to collect the county school taxes and provided that the commission allowed him should not exceed 1 per cent. of the total school tax collected. The act of 1920 was amended by chapter 81 of the Acts of 1926, but the provisions relative to the sheriff's commission were left unchanged. Kentucky Statutes, sec. 4399a-8. This statute has been construed in a number of cases as limiting the sheriff's commission for collecting the county school taxes to 1 per cent. of the school taxes collected by him and to be paid out of the school fund. He is entitled to no further commission to be paid out of the general funds of the county. Cassady v. Oldham County, 246 Ky. 773, 56 S. W. (2d) 368; Livingston County v. Dunn, 244 Ky. 460, 51 S. W. (2d) 450, 454; Bailey v. Magoffin County, 238 Ky. 805, 38 S. W. (2d) 923; Gibson v. Commonwealth, 238 Ky. 540, 38 S. W. (2d) 432.

In Livingston County v. Dunn, after citing a number of cases in which the statutory commission of the sheriff for collecting school taxes had been considered, it was said:

"In each of these cases it was held that the sheriff's commission for collecting county school taxes was 1 per cent. of the amount collected without the right to collect of the county an additional 3 per cent. as now asserted by Dunn. This construction of the statute may be considered now as final until it is altered or changed by an act of the General Assembly."

Section 1729 of the Kentucky Statutes provides that the sheriff for collecting the county revenue shall be paid 1 per cent. upon the first $5,000 and 4 per cent. upon the residue. Section 4168 of the Statutes contains the same provision. In construing these sections it has been held that all taxes collected by a county, including the county school tax, constitutes one fund for the purpose of estimating the compensation of the

sheriff for collecting the county revenue. Hall v. Ballard County, 140 Ky. 84, 130 S. W. 975. Chapter 36 of the Acts of 1920, however, altered the compensation of the sheriff fixed by sections 1729 and 4168 to the extent heretofore indicated.

The judgment is reversed with directions to affirm the judgment of the county court sustaining the exceptions to the sheriff's settlement.