## Roberts v. Stacy et al.

(Decided Oct. 8, 1935.)

D. G. BOLEYN for appellant.

J. T. BOWLING for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY— Affirming.

J. C. Stacy sued B. L. Roberts, Martha Riddle, and John Riddle to enforce a vendor's lien on a tract of land in Perry county. After a demurrer to the petition had been overruled, judgment was rendered on September 23, 1933, in favor of plaintiff, and Lena Roberts Lovelace, master commissioner of the Perry circuit court, was directed to sell the land. After advertising the sale in conformity with the judgment, the land was sold on Monday, November 13, 1933, and Tom Lawson was the highest bidder. The sale was duly reported, and no exceptions having been filed thereto was confirmed. On the same day the master commissioner was directed to execute a deed to the purchaser. On January 3, 1934, the defendant B. L. Roberts moved the court to set aside the order of con-

firmation on several grounds and filed affidavits in support of the motion. Stacy filed a response to the motion and supporting affidavits. On January 11, 1934, Roberts filed additional exceptions to the report of the sale and an amended motion to set aside the sale and subsequent orders for the following reasons:

"First, because the sale was made by Lena Roberts Lovelace, as Master Commissioner of this Court, when in truth and in fact she was not Master Commissioner of this Court, in that she was appointed Master Commissioner of this Court on January 11, 1928, pursuant to section 392 of the Kentucky Statutes, and more than four years had elapsed from the time of her appointment before the date of the said sale and she had not been reappointed as such.

"Second, because she was not appointed Special Commissioner of the Court to make the sale pursuant to section 399 of the Kentucky Statutes, and she did not take the oath as such or execute bond as such, and that all her acts herein was without authority and are void."

From an order overruling the motion to set aside the sale and subsequent orders this appeal is prosecuted.

It is not claimed that the court should have set aside the sale on any other ground than that the term of office of the master commissioner, Lena Roberts Lovelace, had expired at the time of the sale, and she was without authority to act. Whether, if the facts relied on had been shown, the court would have been authorized to set aside the order confirming the sale and directing the deed to be made, we need not decide. It is not necessary to traverse the allegations made in the exceptions to the report of a judicial sale, but the burden is upon the one excepting to such sale to prove his allegations or the exceptions will be overruled. Graves v. Lyons, 166 Ky. 446, 179 S. W. 413. All that we have is the unsupported statement contained in appellant's amended motion and exceptions to the sale, and that was insufficient to authorize the court to set the sale aside. Will v. City of Louisville, 176 Ky. 450, 195 S. W. 822.

Judgment affirmed.