# Withers v. Kentucky Joint Stock Land Bank et al.
(Decided March 24, 1936.)

504

MARCUS C. REDWINE, S. S. WILLIS and JAMES CLAY for appellant.

W. B. WHITE, ROBERT HAYS, JOUETT & METCALF, and B. C. EWING for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER —Reversing.

A default judgment was rendered against the appellant, Miss Bettie Withers, for the principal sum of about $4,700 in favor of the appellee Kentucky Joint Stock Land Bank. The executor of the estate of M. T. McEldowney was adjudged a second lien for the principal sum of $1,000 to attach to the proceeds of the sale. These debts were secured by a mortgage on 68 acres of land near Sharpsburg, which was ordered sold as a whole.

The master commissioner filed his report of sale containing the following:

"And after duly advertising said property as to the time, terms, and place of sale, as directed in said judgment on the 13th day of May, 1935, the same being the first day of the May Term of the Bath County Court, and the day advertised for the sale of said property I did expose said property at public auction, at the court house door in Ow-

ingsville, Kentucky, on a credit of six months for one half and twelve months for the other half, when Betty Withers, the defendant, offered a bid of $9,035.00 but being unable to execute the required purchase money bonds with sufficient surety thereon I again immediately offered said property for sale to the highest and best bidder. When P. M. Hooven being the highest and best bidder, became the purchaser thereof at the price of eight thousand one hundred fifty and 00-100 ($8,150.00) dollars.''

The defendant, Miss Withers, filed exceptions to the report of sale to Hooven upon several grounds, which raised issues of fact as to the time and opportunity given her to execute the bonds and the interval of time and conditions attending the reopening of the sale. The burden rested upon the exceptor. Long v. Howard, 260 Ky. 323, 75 S. W. (2d) 742; Roberts v. Stacy, 260 Ky. 652, 86 S. W. (2d) 546. The evidence was heard orally upon these issues.

On May 18, 1935, the court overruled the exceptions and affirmed the sale. He extended the time for filing a transcript of the evidence 60 days, or until July 17, but the transcript was not filed until August 16, or 90 days thereafter. A motion has been made in this court to strike the bill of evidence because it was not filed in accordance with the order of court. The motion must be and is sustained. Section 334, Civil Code of Practice; Creutz v. Knecht, 6 S. W. 717, 9 Ky. Law Rep. 772; Graves' Committee v. Lyons, 166 Ky. 446, 179 S. W. 413.

The appellant maintains that she is entitled to have the sale set aside upon the face of the commissioner's report. It shows that, because Miss Withers, as the highest bidder, was ''unable to execute the required purchase money bonds with sufficient surety thereon, I again immediately offered the property for sale to the highest and best bidder.'' This does not show that her bid was accepted. It shows that it was rejected because of her inability to execute the bond and that the commissioner *immediately* offered the property for sale. This must be construed as merely continuing the sale. Considerable discretion rests in the commissioner in the matter of accepting bids and giving time for the execution of bonds. Speaking

broadly, he should give a reasonable time. That obviously is dependent upon the circumstances. The relative duties and rights of the court, commissioner, bidders, and parties are exhaustively treated in Blakeley's Adm'x v. Hughes, 140 Ky. 174, 130 S. W. 1067.

According to the commissioner's report, Miss Wither's bid was disregarded because she was not then and there able to make bond—not for the full amount but only the amount of the debt—although that requirement does not appear to have been made. The report that the commissioner "again immediately offered" the property for sale, and did sell it for approximately $900 less, indicates that there was no interval of time whatsoever, but a forthwith rejection and sale. The experience or general knowledge of every one acquainted with the manner in which judicial sales are conducted is that during the bidding or sale neither the commissioner nor the bidder is ready at the moment to conclude the transaction; yet this report shows that was required of the appellant. While the commissioner may disregard or reject the bid of an irresponsible individual when it is apparent he could not comply with the terms within the limits of a reasonable time and may proceed with the sale (Briggs v. Wilson & Muir, 204 Ky. 135, 263 S. W. 740), that fact and all the circumstances should be made to appear in the report in order that the rights of all parties concerned may be advisedly adjudged by the court. In the instant case the contrary is shown. According to the record, Miss Withers was not an irresponsible party. The debt against her home was only about $4,700, and the fact that her bid was nearly twice that sum indicates that there was some one else willing to pay nearly that amount for the property. The exceptions charge that the next highest bid was $9,025, and was made by Hooven, who purchased it immediately thereafter on the resale for $8,150.

The sale was had, report was made, exceptions were filed and overruled, all within three days, and all during a regular term of the court. We are of opinion that the exceptions should have been sustained and the sale set aside instead of confirmed.

The judgment to the contrary is therefore reversed.

Whole court sitting.