# Phillips, Ex-Sheriff, v. Warren County Board of Education.

(Decided October 13, 1936.)

RODES K. MYERS for appellant.

STOUT & HERDMAN and CHARLES R. BELL, County Attorney, all of Bowling Green, for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

D. E. Phillips was sheriff of Warren county for the term 1930 to 1933, inclusive, and for the years 1930, 1931, and 1932 he, as sheriff, collected school taxes for Warren county, levied by the fiscal court, including special school taxes for various consolidated school districts, and retained a commission of 4 per cent. on all school taxes collected by him, including franchise and tangible property tax.

A commission was appointed by the county court to make settlement with Phillips as sheriff, and it made its settlement and report to the county court allowing him 4 per cent. commission on all school taxes collected by him. Charles R. Bell, county attorney for Warren county, filed exceptions to the report of the commission and to its settlement, insisting that Phillips was entitled to 1 per cent. commission only for the collection of school taxes instead of 4 per cent. retained by him and allowed him by the commission in its settlement with him. The exceptions of the county attorney are based on section 4399a-8, Kentucky Statutes, being chapter 81 of the Acts of the General Assembly of 1926, amending chapter 36 of the Acts of 1920; and also chapter 82 of the Acts of the General Assembly of 1926, now appearing as section 4426-2, Kentucky Statutes, 1930 Edition.

The county court sustained the exceptions filed by the county attorney and the school districts, whereupon Phillips appealed to the Warren circuit court, and upon a review of the record in that court it also sustained the exceptions, and Phillips has appealed. Three separate suits were filed involving the collection of the taxes for each of the years involved, but as the same questions were involved in each of them they were consolidated on the appeal to the circuit court and were heard together and disposed of in the same judgment, and by agreement of parties they are consolidated in this appeal and will be disposed of together.

It is the contention of appellant that the sections of the Statutes, supra, do not relate to commissions which are allowed on special school taxes and for franchise taxes, but that commission for collecting special school taxes in such districts is controlled by section 4458, and the collection of franchise taxes is controlled by sections 1729 and 4168 of the Kentucky Statutes, and that there is no legislation fixing the different rates for that portion of the franchise taxes collected by the sheriff as county revenue which goes to support county school systems. Section 4458 provides that upon the petition of ten legal voters of any school subdistrict the board of education of any county shall submit to the legal voters of such school district the question whether or not a tax shall be levied upon the taxable property of such subdistrict, etc., and provides that the sheriff of the county shall collect such taxes and receive the same compensaion therefor as for collecting state and county revenue.

Conceding, without deciding, that the taxes in question were levied under section 4458, being chapter 80 of the Acts of 1926, amending chapter 24 of the Acts of 1916, in view of sections 4399a-8 and 4426-2 and our construction of them in former cases, it is doubtful that the sheriff would be entitled to more than 1 per cent. for the collection of such taxes. Sections 4399a-8, 4426-2, and 4458 were all enacted (or amended as originally enacted) by the Acts of 1926 of the General Assembly. It is a well-known rule that apparently conflicting sections of the Statutes enacted at the same session of the Legislature will be construed so as to give each section effect and meaning if it is reasonably possible to do so. From a careful consideration of the Statutes involved, it is apparent that sections 4399a-8 and 4426-2 are controlling

in respect to commissions allowed sheriff for collecting school taxes regardless of any particular section of the Statutes or authority under which they were levied.

But be that as it may, the taxes here in question were not levied by the board of education pursuant to the authority of section 4458, but were levied by the fiscal court of Warren county pursuant to section 4399a-8 and 4426-2.. Section 4399a-8 provides:

"It shall be the duty of the sheriff of the county in the same manner and at the same time he collects other State and county revenues, to collect the tax imposed under the provisions of this act and after deducting his commission for same as now allowed by law and provided herein, he shall turn such tax over to the treasurer of the county board of education. Provided, however, the commission allowed the· sheriff for the collection of such tax shall not exceed one per cent [1%] of the total school tax collected."

Section 4426-2, under which the levy here in question was made, makes it the duty of the fiscal court of the county to levy the school taxes therein provided as recommended by the county board of education, and be included by the county clerk in the regular tax bills rendered for county purposes, and makes it the duty of the sheriff to collect and settle for with the county board of education *as in case of county school taxes and at the same rate of commission for collection.*

Counsel for appellant in his brief says:

"If 4426-2 prevails, then the 1% commission should be charged for the collection of special taxes; if 4458 prevails, then 4% is the rate for the collection of such taxes,"

and cites the case of Naylor v. Board of Education of Fulton County, 216 Ky. 766, 288 S. W. 690, in support of his contention that section 4458 prevails. But it will be noticed that the Naylor Case deals with the question of giving proper notice for an election, but does not deal with the question of rate commission of the sheriff for collecting such taxes.

In the case of Owen County Board of Education v. Kemper, Sheriff, 197 Ky. 407, 247 S. W. 25, it was held that the only statutory authority to allow the sheriff a

commission for collecting school taxes is section 4399a-8, which provides for compensation out of the school funds, but limits his compensation to not exceeding 1 per cent. of the amount collected.

In the case of Knox County et al. v. Lewis' Adm'r et al., 253 Ky. 652, 69 S. W. (2d) 1000, 1006, discussing the question of commission the sheriff is entitled to for collection of school taxes, we said:

"They also assert the sheriff is entitled to have his commissions charged on the county taxes and the school taxes as one fund, and to collect a commission of 4 per centum thereon; 1 per centum only to be charged to the school fund and the other to be charged to the general fund of the county. We have considered the statutory commission of the sheriff for collecting school taxes in numerous cases, and in all of them we have construed section 4399a-8 as authorizing the collection of a 1 per cent. commission for the collection of school taxes. See Livingston County v. Dunn [244 Ky. 460, 51 S. W. (2d) 450], and cases cited."

Again in the case of Hoskins, for Use & Benefit of Leslie County v. Revis, 248 Ky. 82, 58 S. W. (2d) 252, 253, we said:

"This identical question has been before this court on a number of occasions and invariably has been decided adversely to appellee's contention. Section 8 of chapter 36 of the Acts of 1920 made it the duty of the sheriff to collect the county school taxes and provided that the commission allowed him should not exceed 1 per cent. of the total school tax collected. The act of 1920 was amended by chapter 81 of the Acts of 1926, but the provisions relative to the sheriff's commission were left unchanged. Kentucky Statutes, sec. 4399a-8. This statute has been construed in a number of cases as limiting the sheriff's commission for collecting the county school taxes to 1 per cent. of the school taxes collected by him and to be paid out of the school fund. He is entitled to no further commission to be paid out of the general funds of the county. Cassady v. Oldham County, 246 Ky. [772] 773, 56 S. W. [2d] 368; Livingston County v. Dunn, 244 Ky. 460, 51 S. W. [2d] 450, 454; Bailey v. Magoffin County, 238 Ky. 805, 38 S. W. [2d] 923; Gibson v. Commonwealth, 238 Ky. 540, 38 S. W. [2d] 432."

In Layson v. Nicholas County Board of Education, 235 Ky. 70, 29 S. W. (2d) 626, it was held that section 4458 had no application to consolidated school districts which are governed entirely by section 4426-2 (Acts of 1926, c. 82).

In view of these sections of the Statutes and the cases herein cited construing them, our conclusion is that Phillips was entitled to only 1 per cent. commission on the school taxes here in question, and the chancellor did not err in sustaining the exceptions.

The appellant also filed exceptions to the settlements, which exceptions were also overruled by the circuit court. He stated that the county board of education was indebted to him as sheriff in the sum of $61.95, the commission due him on omitted property which was not listed with the assessor but caused to be listed by him, and that he was entitled to 20 per cent. commission thereon amounting to the sum above stated; that in addition thereto the commissioner who made the settlement allowed him a credit for the sum of $689.97 on a certain check, whereas in fact the said check is for $826.25, or a difference of $136.28 in favor of appellant; and also he was not given credit for a canceled voucher delivered to the board of education in February, 1932, for the sum of $89.03, making a total of $287.25. No response was filed to these exceptions.

The record before us discloses no evidence offered in support of the exceptions.

In Long et al. v. Howard, 260 Ky. 323, 75 S. W. (2d) 742, 743, the court sustained exceptions filed by a commissioner because the grounds therefor were not controverted. This was held error. We said:

"Exceptions to an officer's report are for the purpose of taking an appeal from his findings. 21 C. J. 618; 10 R. C. L. 518; O'Brien v. Keefe, 175 Mass. 274, 56 N. E. 58. They are required to be specific but do not have to be controverted as a pleading. The burden is upon the exceptor to sustain his charges against the report."

See, also, Roberts v. Stacy et al., 260 Ky. 652, 86 S. W. (2d) 546.

A report and exception filed thereto make an issue, and the exceptor has the burden of sustaining his alle-

gations. A mere exception without proof is not sufficient. Withers v. Kentucky Joint Stock Land Bank et al., 263 Ky. 503, 92 S. W. (2d) 806.

The orders of the circuit court overruling appellant's exceptions disclose no reason for the court's action, but presumably because appellant, the exceptor, produced no evidence in support thereof. The court did not err in overruling his exceptions.

The judgment is affirmed.